# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID S. ZINK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV862 CEJ |
| | ) | |
| CINDY GRIFFITH, et al., | ) | |
| | ) | |
| Respondents, | ) | |

## MEMORANDUM AND ORDER

David Zink petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or in the alternative, under 28 U.S.C. § 1651 or § 2254. The grounds raised in the petition are not cognizable in federal habeas proceedings. As a result, the petition will be dismissed. 28 U.S.C. § 2254, Rules 1(b) & 4.

Zink, who is scheduled to be executed by the State of Missouri on July 14, 2015, argues that the State's use of a compounding pharmacy to supply pentobarbital for his execution violates the Food, Drug, and Cosmetic Act as well as the Controlled Substances Act. He further argues that his execution by pentobarbital will violate his right to substantive due process because the State officials will necessary violate federal law in carrying out the execution. Petitioner states that he is not challenging his conviction for murder or his capital sentence in these proceedings.

Title 28 U.S.C. § 2241 allows a federal court to grant a petition for writ of habeas corpus under limited circumstances:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless--
>
> > **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> **(4)** He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> **(5)** It is necessary to bring him into court to testify or for trial.

Relevant to this action is subsection (c)(3). Because Zink is not challenging the fact of his custody, but rather the manner of his execution, this action is not cognizable under either § 2241 or § 2254. *Id.*; *e.g., Zink v. Lombardi*, 783 F.3d 1089, 1116 (8th Cir. 2015) ("The Supreme Court clarified that a challenge to a state's execution procedure may [only] proceed under [42 U.S.C.] § 1983, particularly when a '[c]omplaint does not challenge the lethal injection sentence as a general matter but seeks instead only to enjoin [the State] from executing [the plaintiff] in the manner they currently intend.'") (quoting *Hill v. McDonough*, 547 U.S. 573, 580 (2006)); *see also* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Additionally, Zink previously filed a § 2254 petition challenging his confinement and sentence, which was denied on the merits. *Zink v. Steele*, No. 4:09CV8001 BP (W.D. Mo.). The Court of Appeals for the Eighth Circuit did not grant him a certificate of appealability. *Zink v. Steele*, No. 11-1641 (8th Cir. July 21, 2011). As a result, any valid claim for habeas relief would necessarily be successive under 28 U.S.C. § 2244(b).

Also, as the court of appeals noted in *Zink v. Lombardi*, Zink acknowledged that "there is no private right of action under federal law to enforce" either the Food, Drug, and Cosmetic Act or the Controlled Substances Act. 783 F.3d at 1113. For these reasons, "it plainly appears from the petition . . . that the petitioner is not entitled to relief . . . [and the Court] must dismiss the petition . . ." 28 U.S.C. § 2254, Rule 4.

Section 1651 of Title 28, United States Code, empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As discussed above, Zink is not entitled to a writ of habeas corpus. Further, he has not established any other ground for the issuance of a writ by the court. Section 1651 does not provide him a basis for relief.

Finally, Zink has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, to the extent that one may be necessary, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of David S. Zink for a writ of habeas corpus is **DENIED.**

An Order of Dismissal will be filed separately.

Dated this 3rd day of June, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE